UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

HOLDEN BLACKWELL,

    Plaintiff,

vs.

CSX TRANSPORTATION, INC.,

    Defendant.

CASE NO.: 1:25-CV-00032-JRH-BKE

District Judge: J. Randal Hall

### STIPULATED PROTECTIVE ORDER

*Having fully considered the parties' Stipulated Protective Order, and for good cause shown, the Court **APPROVES** the request for entry of the same, (doc. no. 15), subject to the following modifications:*

    *(1)    The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;*

    *(2)    Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and*

    *(3)    Nothing in this protective order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.*

Plaintiff Holden Blackwell ("Plaintiff") and Defendant CSX Transportation, Inc., ("Defendant"), by stipulation of their respective undersigned counsel, have agreed to the entry of a protective order and to the terms thereof.

**IT IS THEREFORE ORDERED** that:

1. For the purpose of this Order, "Confidential Information" shall mean any document or other information produced by either Plaintiff or Defendant that is marked "Confidential" and is reasonably and in good faith considered to include personnel, medical, training, discipline and/or financial records related to any individual, or proprietary or trade secret information with respect to Defendant or any customer of Defendant.

2. In the event that either party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute and, absent a resolution, the challenging party may thereafter seek resolution from the District Court Judge. The burden of proving confidentiality of designated information remains with the party asserting confidentiality.

3. Confidential Information shall not be disclosed by any recipient to any person other than:

    a. The parties and counsel of record in this case, including in-house and outside counsel involved in this case and their legal staffs. The parties agree to limit disclosure of Confidential Information and the information contained therein to those staff persons necessary to prosecute or defend this action;

    b. Experts or consultants retained by counsel for the preparation or trial of this action;

      c. Any actual or proposed deponent or witness, only if such information is necessary to prepare that witness to testify at deposition or trial, or to question the witness at deposition or trial;

      d. The District Court Judge and his staff;

      e. Any third party who is engaged for the purpose of copying, organizing, converting, storing, or retrieving documents potentially subject to this Protective Order (*i.e.*, a copy service); and

      f. Any videographers and court reporters.

4. No Confidential Information shall be used by any recipient for any purpose whatsoever other than for the preparation and trial of this action and any appellate proceedings relating thereto. Nothing in this stipulation places additional limits to the filing of exhibits pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Federal Rules of Evidence.

5. No person or entity bound by this Order shall disclose any Confidential Information or discuss its contents except for the purposes stated herein, unless required to do so by law or compulsory legal process. If a party believes that disclosure of the other party's Confidential Information is required by law or public policy, that party shall challenge the confidentiality designation pursuant to the procedures set forth in Paragraph 2 of this Order. If a party receives a subpoena or other compulsory legal process to which the other party's Confidential Information is responsive, that party shall notify the party who originally disclosed the Confidential Information sufficiently in advance of the date upon which the disclosure is required to be made so that the party may seek Court intervention preventing the disclosure. Nothing

      in this Order shall be construed as requiring either party or its counsel to violate any law regarding disclosure of information.

6. Nothing herein shall be construed as a waiver of the right to object to the request for any information sought by way of discovery or to the admissibility of any testimony or evidence where such objections are based on grounds other than the fact that the testimony or evidence involves Confidential Information.

7. Nothing contained herein shall affect the rights of Plaintiff or Defendant with respect to their own documents or information.

8. Upon conclusion of the case (including the exhaustion of all appeals) and upon exhaustion of any malpractice insurance record retention periods and upon written request by an opposing party, each party shall return to an opposing party all originals and all copies of any Confidential Information obtained during the case, or shall certify that they have been destroyed.

    SO ORDERED this 12th day of May, 2025, at Augusta, Georgia.

                                                  _____
                                                  BRIAN K. EPPS
                                                  UNITED STATES MAGISTRATE JUDGE
                                                  SOUTHERN DISTRICT OF GEORGIA

(consent signatures continue next page)

Agreed by:

| | |
|---|---|
| */s/ Joseph C. Devine* | */s/ Chester H. Lauck, III (signed with permission)* |
| Joseph C. Devine (admitted pro hac vice) | Chester H. Lauck, III (admitted pro hac vice) |
| BAKER & HOSTETLER, LLP | Lauck Law Firm, P.A. |
| 200 Civic Center Drive, Suite 1200 | 210 Thayer St. |
| Columbus, OH 43215 | Little Rock, AR 72205 |
| jdevine@bakerlaw.com | (501)375-2825 |
| (614) 228-1541 | chet@laucklawfirm.com |
| | |
| John A. Wilkerson | Alisa D. Wilkes |
| Mark E. Toth (admitted pro hac vice) | Wilkes & Mee, PLLC |
| Hall, Bloch, Garland & Meyer, LLP | 13400 Sutton Park Drive S. |
| 577 Mulberry Street, Suite 1500 | Suite 1204 |
| P.O. Box 5088 | Jacksonville, FL 32224 |
| Macon, GA 31208 | alisa@wilkesmee.com |
| P(478)745-1625 | |
| johnwilkerson@hbgm.com | |
| MarkToth@hbgm.com | *Attorneys for Plaintiff* |

*Attorneys for Defendant*